PEOPLE v. TEAL.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

PERJURY (§ 14*)—SUBORNATION OF PERJURY—"ATTEMPT."

    Under Pen. Code, § 34, defining an "attempt" as an act done with intent to commit a crime and tending but failing to effect its commission, and sections 11, 96–100, 105, declaring that penal statutes must be construed according to the fair import of their terms, and defining "perjury" and "subornation of perjury," one who has negotiated for the giving of false testimony as to an act of infidelity not specified in the complaint in a pending suit for divorce for adultery can be convicted of attempt to suborn perjury, though such negotiations occurred before service of the complaint and the joining of issues, and though perjury or subornation of perjury could not have been committed.

    [Ed. Note.—For other cases, see Perjury, Dec. Dig. § 14.*

    For other definitions, see Words and Phrases, vol. 1, p. 621.]

Appeal from Court of General Sessions, New York County.

Margaret Teal was convicted of the crime of attempted subornation of perjury, and she appeals. Affirmed.

See, also, 60 Misc. Rep. 517, 113 N. Y. Supp. 925.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Robert J. Haire, for appellant.

Robert C. Taylor, for the People.

LAUGHLIN, J. The trial and conviction were on an indictment for "the crime of an attempt to commit the crime of subornation of perjury."

"Subornation of perjury" is defined in section 105 of the Penal Code, as follows:

"A person who willfully procures or induces another to commit perjury, is guilty of subornation of perjury."

Section 34 of the Penal Code defines an "attempt" to commit a crime as follows:

"An act done with intent to commit a crime, and tending but failing to effect its commission, is an attempt to commit that crime."

And section 686 of the Penal Code provides that "a person who unsuccessfully attempts to commit a crime is indictable and punishable, unless otherwise specially prescribed by statute," as therein provided, which is, in substance, where the crime attempted to be committed is punishable by imprisonment for a period less than life, as is the crime of subornation of perjury (Pen. Code, § 106) by imprisonment for not more than half the longest term or by a fine of not more than half the largest sum which might be imposed on a conviction of the crime which the defendant is charged with having attempted to commit.

The crime of "perjury" is defined in section 96 of the Penal Code, as follows:

"A person who swears or affirms that he will truly testify, declare, depose or certify, or that any testimony, declaration, deposition, certificate, affidavit

or other writing by him subscribed, is true, in an action, or a special proceeding, or upon any hearing, or inquiry, or on any occasion in which an oath is required by law, or is necessary for the prosecution or defense of a private right, or for the ends of public justice, or may lawfully be administered, and who in such action or proceeding, or on such hearing, inquiry or other occasion, willfully and knowingly testifies, declares, deposes, or certifies falsely, in any material matter, or states in his testimony, declaration, deposition, affidavit or certificate,' any material matter to be true which he knows to be false, is guilty of perjury."

Section 97 of the Penal Code provides that irregularity in the administration of an oath is no defense to a prosecution .for perjury, and section 98 provides that it is no defense to such a prosecution that the witness was incompetent to give the testimony or to make the deposition or certificate. Section 99 provides that it is no defense to the prosecution for perjury that the defendant did not know the materiality of the false statement, or that it did not in fact affect the proceeding in and for which it was made, and that it is sufficient that it was material and might have affected such proceeding. Section 100 of the Penal Code provides that the making of the deposition or certificate is deemed to be complete from the time when it is delivered by the defendant to any other person, with intent that it be uttered or published as true.

It is charged in the indictment that the defendant committed the crime on the 20th day of July, 1908, by willfully and feloniously soliciting and instigating and attempting and endeavoring to suborn, procure, and induce one Mabel MacCauslan, to appear upon a hearing thereafter to be had before a referee to take proof of the facts charged in the complaint in an action brought by one Helen K. Gould against her husband, Frank J. Gould, for a divorce as a witness for the plaintiff in said action, and upon said hearing to commit perjury and give false testimony of matters material and relevant to said action and to the issues therein and in support of the material facts charged in the complaint therein. The facts which the defendant is charged with having attempted to induce said Mabel MacCauslan to testify to on the trial of the issues in said action are stated in the indictment as follows:

"That she, the said Mabel MasCauslan, had at some time in the month of March, 1908, seen the said Frank J. Gould, when only partly dressed, come out of the bedroom of a woman known as Bessie Van Doren, or Bessie De Voe, in a certain apartment, in an apartment house called the 'Glenmore' in the county of New York."

The people introduced convincing evidence that the defendant did willfully and feloniously attempt to induce the person named in the indictment to testify falsely, as charged in the indictment, well knowing that said Mabel MacCauslan was not even acquainted with the defendant Gould or the alleged co-respondent and never saw them together at the place in question or elsewhere. It further appears that the defendant was to receive a money consideration for procuring the testimony, and offered to bribe the said Mabel MacCauslan to give the testimony, and persisted in her corrupt efforts to the extent of inducing the said Mabel MacCauslan to make an affidavit, entitled in the divorce action with respect to the things which the defendant sought to induce her to testify to, as charged in the indictment.

The only point presented by the appeal which requires considera-
tion is the claim that the materiality of the testimony was not shown.
It appears that an action was duly begun in the Supreme Court of this
state by Helen K. Gould, against her husband, for a divorce upon the
ground of adultery, by the service of a summons upon him on the 24th
of June, 1908. The answer in the action was served on the 27th day
of July thereafter, and in the meantime the complaint was served on
the attorney for the defendant in the action, but on what day, whether
before or after the 20th day of July, that being the day on which the
crime is charged, does not appear. When the complaint was served,
whether before or after the 20th day of July, the only infidelity with
which the plaintiff in the divorce action charged her husband was an
act of adultery alleged to have been committed at North Sydney, Cape
Breton, Dominion of Canada, on the 25th day of July, 1905. Upon
this fact counsel for the appellant contends that the evidence which the
defendant sought to procure to be given was not and could not be ma-
terial to the issues in the divorce action, and that therefore the crime
of an attempt to suborn perjury was not established. It is manifest
that, if this contention should be sustained, the object of the Legisla-
ture in making subornation of perjury, and an attempt to induce the
same, crimes, would be rendered abortive, for it would only be neces-
sary to negotiate for the giving of the false testimony before the is-
sues in the action are framed. It is important in determining this ap-
peal to bear in mind the command of the Legislature with respect to
the construction to be given to the provisions of the Penal Code. It
is provided in section 11 of the Penal Code, as follows:

"The rule that a penal statute is to be strictly construed does not apply to
this Code or any of the provisions thereof, but all such provisions must be
construed according to the fair import of their terms, to promote justice and
effect the objects of the law."

It needs no further argument to show that the promotion of justice
and carrying into effect the objects of the law require that a construc-
tion should be given to these statutes which will bring the acts done
by the defendant within the pale of the law, and it only remains to
be seen whether that may be done without departing from "the fair
import" of the terms of these sections of the Penal Code. It will be
observed that section 96, in defining "perjury," does not provide in.
express terms that the deposition or testimony must be material to
the issues as framed in an action or proceeding. It is sufficient that
the deposition or testimony be knowingly false, and that it relates to
"any material matter." It is significant, also, that the crime does not
depend upon whether the party or witness making the deposition or
giving the testimony knows it to be material, or whether he be com-
petent to give it, and it has been held that it is not essential that the
evidence should be admissible under the issues as framed. Reg. v.
Philpotts, 5 Cox, C. C. 363; Reg. v. Gibbons, 9 Cox, C. C. 501; Cham-
berlain v. People, 23 N. Y. 88, 80 Am. Dec. 255; State v. Keenan, 8
Rich. Law (S. C.) 456. It was held in People v. Courtney, 94 N. Y.
490, that it is not essential that the testimony should even relate to
the issue as framed; that it is sufficient if it becomes material evi-

dence upon the trial of the issue. In that case perjury was predicated upon impeaching testimony which had no direct bearing upon the issues. The Court of Appeals has recently placed a broad construction upon the provisions of section 96 of the Penal Code, in holding that perjury could be predicated upon the making of a false affidavit here, not required by the laws of this state, but for use in New Jersey pursuant to a statute of that state. People v. Martin, 175 N. Y. 315–325, 67 N. E. 589, 96 Am. St. Rep. 628.

The acts of the defendant in the case at bar are quite as reprehensible as if issue had been joined in the divorce action and the charge of adultery made against the defendant therein was alleged to have been committed at the time and place which the defendant sought to induce Mabel MacCauslan to give testimony concerning the presence of the defendant in an apartment in the Glenmore apartment house. Her acts, from every standpoint, are fairly within the spirit of the statute, and it is inconceivable that the Legislature would have limited the crime of an attempt to commit the crime of subornation of perjury to acts done after issue is formally joined in an action and to acts and facts only which would be relevant and admissible under the issues as framed at the precise time of the commission of the acts. Our statute authorizes an action for divorce on the ground of adultery, and that was the object of the divorce action in question. This evidence was, in a broad sense, material to that action. The issue in the action, when framed, would be one relating to the commission of adultery by the defendant therein. Under our forms of pleading, the plaintiff is required to specify the place of the commission of the act of adultery, and she might fail in her suit if she should be unable to establish the charge as made, even though her action might have been maintained upon other facts; but that depends upon questions of practice and procedure. The plaintiff in the divorce action might have obtained an amendment of her complaint, if served, and, if not served, might have charged the offense at the Glenmore apartment house. It cannot be that the crime depends upon the condition of the pleadings at a future date, nor does it, in my opinion, depend upon the condition of the pleadings at all. It may, I think, be committed before any complaint is served. At the time these things were done, it is evident that those who participated in the acts expected that the evidence was to be used upon the trial of the divorce action, and they accepted compensation, the one for procuring it, and the other for giving it. The law authorized the bringing of an action for divorce in which such facts would be material. It is of no consequence that the crime of perjury or subornation of perjury was not committed, or as to whether or not it could have been committed. It has been held that the crime of attempting to commit larceny by stealing from the pocket of a person may be committed, even though there be in fact no property in the pocket which is the object of the attack. People v. Moran, 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, 20 Am. St. Rep. 732. It has also been held that the crime of attempting to commit the crime of abortion may be committed upon a woman who is not

pregnant. People v. Conrad, 102 App. Div. 566, 92 N. Y. Supp. 606, affirmed 182 N. Y. 589, 74 N. E. 1122.

I am therefore of opinion that the conviction should be affirmed.

INGRAHAM, HOUGHTON, and SCOTT, JJ., concur. McLAUGHLIN, J., concurs in result.